UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

(1) UNITED STATES OF AMERICA,   )
                                          Plaintiff,   )
                                                  )
v.   )   Civil Action No. CIV-18-945-SLP
                                                  )
(1) ROSEMARIE PELFREY, as Trustee )
of the W. Ray Pelfrey Revocable Trust, )
dated March 1, 2002, d/b/a Pelfrey )
Rentals, and as Trustee of the Rosemarie )   **Demand for Jury**
Pelfrey Revocable Trust, dated )
March 1, 2002, d/b/a Pelfrey Rentals; )
(2) JOHN OR JANE DOE, as Executor )
of the Estate of Walter Ray Pelfrey; )
(3) OMEGA ENTERPRISES, LLC; and )
(4) PELFREY INVESTMENT )
COMPANY, LLC, )
                                                  )
                             Defendants.   )
_____)

# COMPLAINT

The United States of America alleges as follows:

1. This action is brought by the United States to enforce the provisions of Title VIII of the Civil Rights Act of 1968 (the Fair Housing Act), as amended, 42 U.S.C. §§ 3601, *et seq.*

## JURISDICTION AND VENUE

2. This court has jurisdiction over this action under 28 U.S.C. §§ 1331 and 1345; 42 U.S.C. § 3614(a); and 28 U.S.C. §§ 2201 and 2202.

3. Venue is proper in this district under 28 U.S.C. § 1391(b) because the claims alleged herein occurred in the Western District of Oklahoma, and the Defendants reside or do business in the Western District of Oklahoma.

## THE PARTIES

4. Walter Ray Pelfrey, commonly known as Ray Pelfrey, ("Pelfrey" or "Walter Pelfrey") was a resident of Oklahoma County, Oklahoma. Until his death on July 15, 2018, Pelfrey owned or operated dozens of rental dwellings throughout the Western District of Oklahoma. Walter Pelfrey was liable for the discriminatory housing practices described in paragraphs 9-26. Upon his death, that liability was assumed by the Estate of Walter Ray Pelfrey. Defendant John or Jane Doe is the Executor of that Estate.

5. Defendant Rosemarie Pelfrey is a resident of Oklahoma County, Oklahoma. Since at least March 20, 2013, Defendant Rosemarie Pelfrey has served and continues to serve as trustee of the W. Ray Pelfrey Revocable Trust, dated March 1, 2002. Prior to his death on July 15, 2018, Walter Pelfrey served as trustee of the W. Ray Pelfrey Revocable Trust, dated March 1, 2002. At all times relevant to this complaint, this trust held title to many of the properties described herein, though Walter Pelfrey, in his capacity as trustee, remained the beneficial owner of the trust and controlled rental dwellings throughout the Western District of Oklahoma. This trust does business as Pelfrey Rentals.

6. Defendant Rosemarie Pelfrey, as trustee of the Rosemarie Pelfrey Revocable Trust, dated March 1, 2002, owns or operates rental dwellings throughout the Western District of Oklahoma. At all times relevant to this complaint, this trust held title to many of the properties described herein. The trust does business as Pelfrey Rentals.

7. Defendant Omega Enterprises, LLC is an inactive limited liability corporation whose business address is 4000 Tinker Diagonal in Del City, Oklahoma. Walter Pelfrey was the registered agent and managing member of Omega Enterprises, LLC.

8. Defendant Pelfrey Investment Company, LLC is an inactive limited liability corporation whose business address is 3280 Del Mar Road in Del City, Oklahoma. Walter Pelfrey was the registered agent and managing member of Pelfrey Investment Company, LLC.

**FACTUAL ALLEGATIONS**

9. Since at least 2001 through 2017, Walter Pelfrey, along with the named Defendants, have owned or operated a residential rental business in or around Oklahoma City, Oklahoma. The Defendants currently own approximately eighty-one residential properties in the Oklahoma City area. The rental properties (the "subject properties") include row houses, single-family homes, single-family homes with more than one rental unit inside, and multi-family apartments.

10. At all times relevant to this action, Walter Pelfrey controlled all aspects of the management of each subject property, including, but not limited to, advertising vacancies, accepting or rejecting prospective tenants, setting rates for rent and security deposits, collecting rent, accepting requests for repairs, communicating with tenants regarding late rental payments, and evicting tenants.

11. Defendant Rosemarie Pelfrey, as trustee of the W. Ray Pelfrey Revocable Trust, dated March 1, 2002, and as trustee of the Rosemarie Pelfrey Revocable Trust, dated March 1, 2002, expressly or implicitly granted Walter Pelfrey authority to act as an agent on her behalf at all times relevant to this action.

12. Defendant Omega Enterprises, LLC, as owner, officer, partner, or principal, expressly or implicitly granted Walter Pelfrey authority to act as an agent on its behalf at all times relevant to this action.

13. Defendant Pelfrey Investment Company, LLC, as owner, officer, partner, or principal, expressly or implicitly granted Walter Pelfrey authority to act as an agent on its behalf at all times relevant to this action.

14. The subject properties are dwellings within the meaning of 42 U.S.C. § 3602(b).

15. Since at least 2001 through 2017, the Defendants, through the actions of Walter Pelfrey, have subjected female tenants and prospective female tenants of the subject properties to discrimination on the basis of sex, including severe, pervasive, and unwelcome sexual harassment, on multiple occasions. Walter Pelfrey's conduct has included, but is not limited to:

   a. Demanding that female prospective tenants engage in, or pressuring them to engage in, sexual intercourse, oral sex, or other sexual acts with him in order to obtain rental housing, including while in the process of showing them potential rental units;

b. Demanding that female tenants engage in, or pressuring them to engage in, sexual intercourse, oral sex, or other sexual acts with him in order to obtain or keep rental housing;

c. Subjecting female tenants and prospective female tenants to unwelcome sexual contact, including grabbing their breasts, thighs, and buttocks without their consent;

d. Exposing or touching himself in a sexual manner in the presence of female tenants and prospective female tenants;

e. Frequently making unwelcome sexual comments and unwelcome sexual advances to female tenants and prospective female tenants;

f. Making intrusive, unannounced visits to female tenants' homes to conduct and further his sexual advances;

g. Seizing the personal property of female tenants and their children in retaliation for the tenants' failure or refusal to engage in sexual intercourse or other sexual acts;

h. Conditioning or offering to grant tangible housing benefits—such as reducing the rent, overlooking or excusing late or unpaid rent, providing access to housing, and forestalling or terminating eviction proceedings—in exchange for engaging in sexual acts with him; and

  i. Taking adverse housing actions, such as threatening to evict or evicting, against female tenants who have objected to or would not continue to engage in sexual acts.

16. For instance, in approximately the summer of 2008, one female tenant, after a period of homelessness, rented a property from Walter Pelfrey, who repeatedly asked her to engage in sexual acts. After she rebuffed his advances, Pelfrey would come to the house unannounced and let himself in with his key. When she fell behind on rent, Pelfrey requested that she "put out" and perform oral sex in exchange for waiving her debt. Because she felt she had no other option, she did. When she refused to continue to engage in sexual acts with him, Pelfrey initiated eviction proceedings against her, purportedly for her failure to pay her utilities.

17. In approximately the summer of 2012, a prospective female tenant went with Walter Pelfrey to view one of the rental properties he operated. When she protested the condition of the house, he offered to let her live there rent free if she cleaned the house and engaged in sexual acts with him, including performing oral sex. He later offered her a different home if she engaged in sexual intercourse with him, offering to waive the security deposit and her first month's rent. Because Pelfrey made the rental of his properties contingent on providing him sexual favors, she decided not to rent from him.

18. In yet another instance, from approximately February through October of 2015, one female tenant rented a Pelfrey-operated property with her fiancé. A few

months into her tenancy, her fiancé and Walter Pelfrey became friendly.  Pelfrey, in her presence, offered to pay her fiancé so he could have sexual intercourse with her.  Pelfrey continued to make unwelcome sexual comments to her, including asking whether she could "feel his ghost in bed with her," and making other sexually explicit and graphic statements that referred to his engaging in sexual acts with her.  Because of these comments, she changed the locks on her home.  When Pelfrey discovered the locks had been changed, he initiated eviction proceedings against her and her fiancé.

19. The experiences of these three women were not isolated instances.  Rather, these were part of Walter Pelfrey's longstanding pattern or practice of illegal sexual harassment of female tenants and prospective female tenants.

20. The discriminatory incidents described herein occurred while Walter Pelfrey was exercising his authority as owner, principal, trustee, agent, or operator of the subject properties.

21. Defendants Rosemarie Pelfrey, as Trustee of the W. Ray Pelfrey Revocable Trust, dated March 1, 2002, and as Trustee of the Rosemarie Pelfrey Revocable Trust, dated March 1, 2002; Omega Enterprises, LLC; and Pelfrey Investment Company, LLC are vicariously liable for the actions of Walter Pelfrey.  Walter Pelfrey acted as an agent of the other Defendants.  These Defendants knew or should have known of Pelfrey's discriminatory conduct, had the authority to take preventative and corrective action, and failed to take reasonable preventative or corrective measures.

22. The above-described actions and conduct of Walter Pelfrey caused female tenants and prospective female tenants to suffer physical harm, fear, anxiety, and emotional distress, and inhibited their ability to secure housing for themselves and their families.

## CAUSE OF ACTION

23. By the actions and statements described above, the Defendants have:

    a. Refused to sell or rent after the making of a bona fide offer, or refused to negotiate for the sale or rental of, or otherwise made unavailable or denied, a dwelling to persons because of sex, in violation of 42 U.S.C. § 3604(a);

    b. Discriminated in the terms, conditions, or privileges of the rental of dwellings, or in the provision of services or facilities in connection therewith, because of sex, in violation of 42 U.S.C. § 3604(b);

    c. Made statements with respect to the rental of dwellings that indicate a preference, limitation, or discrimination based on sex, in violation 42 U.S.C. § 3604(c); and

    d. Coerced, intimidated, threatened, or interfered with persons in the exercise or enjoyment of, or on account of their having exercised or enjoyed, their rights granted or protected by Section 804 of the Fair Housing Act, in violation of 42 U.S.C. § 3617.

24. The Defendants' conduct described above constitutes:

    a. A pattern or practice of resistance to the full enjoyment of the rights granted by the Fair Housing Act, 42 U.S.C. §§ 3601, *et seq.*; or

    b. A denial to a group of persons of rights granted by the Fair Housing Act, 42 U.S.C. §§ 3601, *et seq.*, which denial raises an issue of general public importance.

25. Female tenants, prospective tenants, and persons associated with them have been injured by the Defendants' discriminatory conduct. Such persons are aggrieved persons as defined in 42 U.S.C. § 3602(i), and have suffered damages as a result of the Defendants' conduct.

26. The Defendants' conduct was intentional, willful, or taken in reckless disregard of the rights of others.

## **PRAYER FOR RELIEF**

WHEREFORE, the United States requests that the Court enter an Order that:

    a. Declares that the Defendants' discriminatory practices violate the Fair Housing Act, as amended, 42 U.S.C. §§ 3601, *et seq.*;

    b. Enjoins the Defendants, their agents, employees, and successors, and all other persons in the active concert or participation with them from:

        i. Discriminating on the basis of sex, including engaging in sexual harassment, in any aspect of the rental of a dwelling;

    ii. Interfering with or threatening to take any action against any person engaged in the exercise or enjoyment of rights granted or protected by the Fair Housing Act, as amended;

    iii. Failing or refusing to take such affirmative steps as may be necessary to restore, as nearly as practicable, the victims of the Defendants' past unlawful practices to the position they would have been in but for the discriminatory conduct; and

    iv. Failing or refusing to take such affirmative steps as may be necessary to prevent the recurrence of any discriminatory conduct in the future and to eliminate, as nearly as practicable, the effects of the Defendants' unlawful practices;

c. Awards such preventive relief, including a permanent or temporary injunction, restraining order, or other order against Defendants for a violation of the Fair Housing Act, as amended, pursuant to 42 U.S.C. § 3614(d)(1)(A);

d. Awards monetary damages to each person aggrieved by Defendants' discriminatory conduct, pursuant to 42 U.S.C. § 3614(d)(1)(B);

e. Assesses civil penalties against the Defendants in order to vindicate the public interest, pursuant to 42 U.S.C. § 3614(d)(1)(c); and

f. Awards such additional relief as the interests of justice may require.

Dated: September 27, 2018

                          Respectfully submitted,

                          JEFFERSON B. SESSIONS III
                          Attorney General

                          s/ *John M. Gore*

ROBERT J. TROESTER            JOHN M. GORE
Acting United States Attorney   (Signed by Filing Attorney with
Western District of Oklahoma   permission of Attorney)
                          Acting Assistant Attorney General
                          Civil Rights Division

s/ *Daniel Card*
(Signed by Filing Attorney with   s/ *Sameena Shina Majeed*
permission of Attorney)            (Signed by Filing Attorney with
DANIEL J. CARD                 permission of Attorney)
Oklahoma Bar Number: 30034   SAMEENA SHINA MAJEED
RONALD R. GALLEGOS         Chief
Arizona Bar Number: 013227
Assistant United States Attorney   s/ *Lauren M. Marks*
United States Attorney's Office    TIMOTHY J. MORAN
Western District of Oklahoma    Deputy Chief
210 West Park Avenue, Suite 400  LAUREN M. MARKS
Oklahoma City, OK 73102        Michigan Bar Number: P77691
Phone: (405) 553-8745           TAMICA H. DANIEL
Fax: (405) 553-8888             District of Columbia
Email: Daniel.Card@usdoj.gov   Bar Number: 995891
       Ron.Gallegos@usdoj.gov   Trial Attorneys
                          Housing and Civil Enforcement
                          Section
                          Civil Rights Division
                          U.S. Department of Justice
                          950 Pennsylvania Avenue NW
                          Northwest Building, 7th Floor
                          Washington, DC 20530
                          Phone: (202) 353-6059
                          Fax: (202) 514-1116
                          E-mail: Lauren.Marks@usdoj.gov
                                 Tamica.Daniel@usdoj.gov
                          Attorneys for Plaintiff
                          United States of America

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
United States of America

**DEFENDANTS**
Rosemarie Pelfrey, as Trustee of the Rosemarie Pelfrey Revocable Trust, and as Trusee of the W. Ray Pelfrey Revocable Trust, et al.

**(b)** County of Residence of First Listed Plaintiff  _____
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant   Oklahoma County
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
US Dept of Justice, 950 Pennsylvania Ave NW - G St, Washington, DC, 20530 202-353-6059; US Atty's Office, WDOK, 210 West Park Ave, Suite 400, Oklahoma City, Oklahoma 73102, 405-553-8700

Attorneys *(If Known)*
Lindsey Mulinix-Ewert, 210 Park Ave, 3030 Oklahoma Tower, Oklahoma City, Oklahoma 73102, 405-232-3800

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- [X] 1 U.S. Government Plaintiff
- [ ] 2 U.S. Government Defendant
- [ ] 3 Federal Question *(U.S. Government Not a Party)*
- [ ] 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)* (For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | | | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 460 Deportation |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | **PERSONAL PROPERTY** | **LABOR** | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 371 Truth in Lending | ☐ 720 Labor/Management Relations | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice | ☐ 380 Other Personal Property Damage | ☐ 740 Railway Labor Act | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 196 Franchise | | ☐ 385 Property Damage Product Liability | ☐ 751 Family and Medical Leave Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| | | | ☐ 790 Other Labor Litigation | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| | | | ☐ 791 Employee Retirement Income Security Act | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | | **FEDERAL TAX SUITS** | ☐ 895 Freedom of Information Act |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 896 Arbitration |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | | |
| ☐ 240 Torts to Land | [X] 443 Housing/ Accommodations | ☐ 530 General | | | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | |
| | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- [X] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from Another District *(specify)*
- [ ] 6 Multidistrict Litigation - Transfer
- [ ] 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
Fair Housing Act, 42 U.S.C. SS 3601 et seq.

Brief description of cause:
Violated the Fair Housing Act for discrimination based on sex

## VII. REQUESTED IN COMPLAINT:
- [ ] CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

DEMAND $ _____

CHECK YES only if demanded in complaint:
JURY DEMAND: [X] Yes  ☐ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE  Joe Heaton
DOCKET NUMBER  5:15-cv-1331-HE

DATE: 09/28/2018
SIGNATURE OF ATTORNEY OF RECORD: s/ Lauren Marks

**FOR OFFICE USE ONLY**

RECEIPT #  _____  AMOUNT  _____  APPLYING IFP  _____  JUDGE  _____  MAG. JUDGE  _____

# INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

I.(a)   **Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.
  (b)   **County of Residence.** For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)
  (c)   **Attorneys.** Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

II.   **Jurisdiction.** The basis of jurisdiction is set forth under Rule 8(a), F.R.Cv.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.
United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.
United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.
Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.
Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked. (See Section III below; **NOTE: federal question actions take precedence over diversity cases.**)

III.   **Residence (citizenship) of Principal Parties.** This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

IV.   **Nature of Suit.** Place an "X" in the appropriate box. If there are multiple nature of suit codes associated with the case, pick the nature of suit code that is most applicable. Click here for: Nature of Suit Code Descriptions.

V.   **Origin.** Place an "X" in one of the seven boxes.
Original Proceedings. (1) Cases which originate in the United States district courts.
Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441. When the petition for removal is granted, check this box.
Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.
Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.
Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.
Multidistrict Litigation – Transfer. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407.
Multidistrict Litigation – Direct File. (8) Check this box when a multidistrict case is filed in the same district as the Master MDL docket.
**PLEASE NOTE THAT THERE IS NOT AN ORIGIN CODE 7.** Origin Code 7 was used for historical records and is no longer relevant due to changes in statue.

VI.   **Cause of Action.** Report the civil statute directly related to the cause of action and give a brief description of the cause. **Do not cite jurisdictional statutes unless diversity.** Example: U.S. Civil Statute: 47 USC 553  Brief Description: Unauthorized reception of cable service

VII.   **Requested in Complaint.** Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.
Demand. In this space enter the actual dollar amount being demanded or indicate other demand, such as a preliminary injunction.
Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

VIII.   **Related Cases.** This section of the JS 44 is used to reference related pending cases, if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.** Date and sign the civil cover sheet.