# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | NO. CIV-18-945-HE |
| | ) | |
| ROSEMARIE PELFREY, as Trustee of the W. Ray Pelfrey Revocable Trust, dated March 1, 2002, d/b/a Pelfrey Rentals, as Trustee of the Rosemarie Pelfrey Revocable Trust, dated March 1, 2002, d/b/a Pelfrey Rentals, and as Personal Representative of the Estate of Walter Ray Pelfrey; OMEGA ENTERPRISES, LLC; and PELFREY INVESTMENT COMPANY, LLC, | ) ) ) ) ) ) ) ) ) ) ) ) | |
| Defendants. | ) | |

## **ORDER**

Plaintiff United States of America filed this action alleging that defendants violated the Fair Housing Act, 42 U.S.C. §§ 3601-3619 ("FHA"). Its amended complaint alleges that Walter Ray Pelfrey ("Pelfrey"), now deceased, engaged in a pattern or practice of sexually harassing female tenants and prospective female tenants, over a period of at least sixteen years, at rental properties owned by defendants. Defendants have filed a motion to dismiss this case pursuant to Federal Rule of Civil Procedure 12(b)(6), for failure to state a claim.

To survive a motion to dismiss under Rule 12(b)(6), the complaint must contain "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v.

Twombly, 550 U.S. 544, 570 (2007). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). Thus, dismissal under Rule 12(b)(6) is only appropriate "if the complaint alone is legally insufficient." Brokers' Choice of Am., Inc. v. NBC Universal, Inc., 861 F.3d 1081, 1104-05 (10th Cir. 2017) (citation omitted). "[T]he Twombly/Iqbal standard 'is a middle ground between heightened fact pleading, which is expressly rejected, and allowing complaints that are no more than labels and conclusions or a formulaic recitation of the elements of a cause of action, which the Court stated will not do.'" Khalik v. United Air Lines, 671 F.3d 1188, 1191 (10th Cir. 2012) (quoting Robbins v. Okla., 519 F.3d 1242, 1247 (10th Cir. 2008)).

**Analysis**

Defendants' motion is a combination of arguments which are largely premature or otherwise inappropriate for resolution at the motion to dismiss stage. None of them translate into a basis for dismissal now.

A.   Statute of Limitations

Defendants assert plaintiff's claims are barred by the statute of limitations.[1] Because this case is brought by the United States and is in the nature of a tort claim, it appears this case must be "filed within three years after the right of action first accrues". 28 U.S.C. § 2415(b). This time period excludes any periods during which "facts material

---

[1] *Defendants appear to focus their limitations argument on plaintiff's claim for monetary relief, rather than any request for injunctive or other equitable relief.*

2

to the right of action are not known and reasonably could not be known by an official of the United States charged with the responsibility to act in the circumstances." 28 U.S.C. § 2416(c).

Defendants assert plaintiff's allegations in its Amended Complaint are too vague to avoid the bar of the statute of limitations. But the plaintiff has no duty at this stage to plead its way out of the potential application of the limitations statute. The statute of limitations is an affirmative defense and, unless the complaint shows on its face that the statute bars a particular claim, it is the defendant's burden to plead and establish it. *See* Youren v. Tintic Sch. Dist., 343 F.3d 1296, 1304 (10th Cir. 2003); *see also* Aldrich v. McCulloch Props., Inc., 627 F.2d 1036, 1041 n.4 (10th Cir. 1980) (internal citations omitted).

Here, the Amended Complaint alleges conduct occurring in 2017, within the three year statute, and hence does not show on its face that the statute bars plaintiff's claims. There is therefore no basis for dismissing now based on the statute. The statute of limitations may well limit the relief to which plaintiff is otherwise entitled, but that cannot be determined at this point.

B. Consent Decree

Defendants contend that a consent decree was entered into by defendants and certain victims in a prior case[2] and that plaintiff cannot seek relief on behalf of those victims. However, there is no indication in the complaint or otherwise that plaintiff is seeking relief based only on persons who were parties to the prior suit. To the extent that a particular

---

[2] *Metropolitan Fair Housing Council of Oklahoma, Inc., et al. v. Walter Ray Pelfrey, et al., Consolidated Case No. CIV-15-1331-HE.*

victim released claims against defendants in the prior litigation, that will no doubt bar the recovery of any further relief for that victim here. But the complaint is not limited to those persons and therefore the consent decree is not a basis for dismissing the case now.[3]

C. Pattern or Practice/General Public Importance

Defendants contend the complaint does not allege a basis for either "pattern and practice" or "general public importance" as a basis for relief. The court concludes otherwise.

The FHA provides:

> Whenever the Attorney General has reasonable cause to believe that any person or group of persons is engaged in a pattern or practice of resistance to the full enjoyment of any of the rights granted by this subchapter, or that any group of persons has been denied any of the rights granted by this subchapter and such denial raises an issue of general public importance, the Attorney General may commence a civil action in any appropriate United States district court.

42 U.S.C. § 3614(a). While the FHA does not define "pattern or practice," courts have uniformly found that a "pattern or practice" is more than an isolated or accidental instance of conduct violative of the FHA and is an intentional, regular, or repeated violation of the rights granted by the FHA. See United States v. Hurt, 676 F.3d 649, 654 (8th Cir. 2012); United States v. Balistrieri, 981 F.2d 916, 929 (7th Cir. 1992); United States v. Hunter, 459 F.2d 205, 217 (4th Cir. 1972). Here, plaintiff alleges "[s]ince at least 2001 through 2017, the Defendants, through the actions of Walter Pelfrey, have subjected female tenants and

---

[3] *Plaintiff characterizes the issue as one of res judicata or claim preclusion, but defendants' argument appears to be that the claims were released.*

4

prospective female tenants of the subject properties to discrimination on the basis of sex, including severe, pervasive, and unwelcome sexual harassment, on multiple occasions." Amended Complaint at ¶ 15. Plaintiff then lists nine separate categories of behavior that Pelfrey engaged in that constitute sexual harassment. *See id.* Plaintiff further alleges three separate examples of Pelfrey's alleged sexual harassment. *See id.* at ¶¶ 16-18. These allegations are sufficient to plead a basis for the necessary "pattern or practice."

The FHA also does not define what constitutes an issue of general public importance. However, such issues are generally thought to involve decisions which are of major significance or which may constitute a precedent for a large number of establishments. Hunter, 459 F.2d at 218. Here, given the nature and extent of the alleged conduct, a sufficient basis for satisfying that standard has been alleged. The fact that Mr. Pelfrey is now deceased does not necessarily eliminate the significance of the case.

D.  Relief Sought

Defendants make various arguments as to whether particular kinds of relief sought by plaintiff are actually available. The court declines to belabor those questions at this point. The question raised by the present motion is whether the Amended Complaint states a claim. It does. The matter of appropriate relief can be addressed when and if plaintiff otherwise establishes its claim(s). That includes whether any injunctive relief should embrace unknown persons not parties to the case.

E.  Claims Against Pelfrey's Estate

Defendants assert that plaintiff's claims cannot be brought against Pelfrey's estate because the claims do not survive his death. "The question of the survival of an action

5

grounded in federal law is governed by federal common law when . . . there is no expression of contrary intent." Slade v. U.S. Postal Serv., 952 F.2d 357, 360 (10th Cir. 1991) (internal quotations and citation omitted). The FHA does not have a survivability clause; thus, the question of survivability is governed by federal common law. Under the federal common law rule of survival, remedial claims survive, but penal claims do not. *See* Revock v. Cowpet Bay W. Condo. Ass'n, 853 F.3d 96, 109 (3d Cir. 2017); United States v. Price, 290 F.2d 525, 526 (6th Cir. 1961). The FHA was intended by Congress to have a "broad remedial intent," Havens Realty Corp. v. Coleman, 455 U.S. 363, 380 (1982), and FHA claims have been found to be remedial, *see, e.g.,* Revock, 853 F.3d at 110. Because plaintiff's FHA claims are remedial, they survive Pelfrey's death and should not be dismissed.[4]

F. Vicarious Liability Claims

Defendants assert that plaintiff failed to plead facts sufficient to establish any vicarious liability claims. "Courts have generally found that property owners have a non-delegable duty to not discriminate and that they will be held vicariously liable for discriminatory actions of their rental agents." United States v. Sturdevant, Civil Action No. 07-2233-KHV, 2009 WL 1211051, at *6 (D. Kan. May 1, 2009) (internal citations omitted). The question of whether there is an agency relationship is determined under federal law. *See* Cleveland v. Caplaw Enter., 448 F.3d 518, 522 (2d Cir. 2006). Further,

---

[4] *What relief is available against Pelfrey's estate, civil penalties and/or money damages, is a matter more properly addressed when and if plaintiff otherwise establishes its claims against Pelfrey's estate.*

6

"[a] principal may be vicariously liable where the agent was aided in accomplishing the tort by the existence of the agency relationship." Metro. Fair Housing Council of Okla., Inc. v. Pelfrey, 292 F. Supp. 3d 1250, 1252 (W.D. Okla. 2017) (internal quotations and citations omitted). Here, plaintiff has alleged that Pelfrey acted as defendants' agent, that he was aided in accomplishing the alleged discriminatory conduct by the existence of the agency relationship, and that the defendants knew or should have known of the alleged discriminatory conduct. That is sufficient to avoid dismissal of the claims at the pleading stage.

## Conclusion

For the reasons stated, defendants' Motion to Dismiss [Doc. #23] is **DENIED. IT IS SO ORDERED.**

Dated this 14th day of May, 2019.

JOE HEATON
CHIEF U.S. DISTRICT JUDGE