## IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| **vs.** | ) Case No. CIV-18-945-JD |
| | ) |
| **ROSEMARIE PELFREY, as Trustee of the** | ) |
| **W. Ray Pelfrey Revocable Trust, dated** | ) |
| **March 1, 2002, d/b/a Pelfrey Rentals,** | ) |
| **as Trustee of the Rosemarie Pelfrey** | ) |
| **Revocable Trust, dated March 1, 2002,** | ) |
| **d/b/a Pelfrey Rentals, and as Personal** | ) |
| **Representative of the Estate of Walter Ray** | ) |
| **Pelfrey; OMEGA ENTERPRISES, LLC; and** | ) |
| **PELFREY INVESTMENT COMPANY, LLC,** | ) |
| | ) |
| **Defendants.** | ) |

### SETTLEMENT CONFERENCE ORDER

A judicial settlement conference for this case is set before **United States Magistrate Judge Shon T. Erwin at 1:45 p.m. on Thursday, December 17, 2020.** Persons who will attend the conference should report to Judge Erwin's Courtroom located in Room 103, United States Courthouse, 200 N.W. 4th Street, Oklahoma City, Oklahoma.

1.    **SETTLEMENT CONFERENCE STATEMENT REQUIRED.** Pursuant to LCvR16.2(d), each party is required to submit a settlement conference statement, together with a cover sheet in the form prescribed in Appendix VI of the Court's Local Rules, no later than **NOON, Tuesday, December 15, 2020,** submitted directly to the settlement judge and to all other counsel of record and *pro se* parties. **The settlement conference statement and cover sheet should be emailed directly to Judge Erwin's orders box (erwin-orders@okwd.uscourts.gov).**

The settlement conference statement should not be filed and will not be made part of the case file. The statement should set forth the relevant positions of the parties concerning factual issues, legal issues, damages, and the settlement negotiation history of the case, including a recitation of any specific demands and offers that may have been conveyed. Pertinent evidence to be offered at trial, if particularly relevant, may be brought to the settlement conference.

**2.** __CONFIDENTIALITY.__ The settlement conference statements and all communications occurring during the settlement conference are confidential and, except as otherwise permitted under Fed. R. Evid. 408 or other provision of federal law, cannot be used by any party in the trial of the case.

**3.** __PRIOR SETTLEMENT DISCUSSIONS REQUIRED.__ Prior to the judicial settlement conference, the parties are required to have settlement discussions so that the issues and bounds of settlement have been explored in advance of the settlement conference. In the event a settlement is reached before the settlement conference, the parties are to notify the settlement judge immediately.

**4.** __SETTLEMENT CONFERENCE FORMAT.__ The purpose of the settlement conference is to provide a meaningful opportunity for settlement on terms agreed upon by the parties. The conference format permits an informal discussion among the attorneys, parties, non-party indemnitors or insurers, and the settlement judge of every aspect of the lawsuit bearing upon settlement. The settlement judge may converse privately with the lawyers, the parties, the insurance representatives, or any one of them.

**5.** __LEAD TRIAL COUNSEL MUST ATTEND.__ For each party, the attorney of record with lead responsibility for the trial of the case must attend the conference.

**6.** __PERSONS WITH FULL SETTLEMENT AUTHORITY MUST ATTEND.__ For each party in the case, a person with full settlement authority must attend the conference. This requires the presence of each person named as a party or an authorized representative of any party that is a corporation, governmental agency or other entity. A party's representative may not be a lawyer who has entered an appearance in the case.

    a. Plaintiff's representative must have full settlement authority, <u>in the representative's sole discretion</u>, to authorize dismissal of the case with prejudice, or to accept a settlement amount down to the defendant's last settlement offer.

    b. Defendant's representative must have full settlement authority, <u>in the representative's sole discretion</u>, to commit the defendant to pay a settlement amount up to the plaintiff's last settlement demand.

**7.** __EXCEPTION WHERE BOARD APPROVAL REQUIRED.__ If Board approval is required to authorize settlement, attendance of the entire Board is requested. The attendance of at least one current member of the Board (preferably the Chairperson) is required.

**8.** __AUTHORIZED INSURANCE REPRESENTATIVE(S) REQUIRED.__ Any insurance company that (1) is a party, (2) can assert that it is contractually entitled to indemnity or subrogation out of settlement proceeds, or (3) has received notice or a

demand pursuant to an alleged contractual requirement that it defend or pay damages, if any, assessed within its policy limits in this case, must have a fully authorized settlement representative present at the conference. Such representative must have full settlement authority, in the representative's sole discretion, to commit the company to pay an amount within the policy limits.

The purpose of this requirement is to have an insurance representative present who can settle a claim without consulting a superior. An insurance representative authorized, in his or her sole discretion, to pay up to the plaintiff's last settlement demand will also satisfy this requirement.

Counsel of record will be responsible for timely advising any involved non-party insurance company of the requirements of this Order.

**9.** **REQUESTS FOR RELIEF FROM THIS ORDER.**  Any request for relief from any aspect of this Order may be made initially by telephone to Judge Erwin's chambers. The Court may require that the request for relief be made in writing. Prior to contacting the Court, counsel are encouraged to consult with the other counsel in the case to determine whether there is opposition to the relief requested.

**10.** **CONSEQUENCES OF NON-COMPLIANCE.**  Upon certification by the settlement judge of circumstances showing non-compliance with this Order, corrective action may be taken as permitted by law. Such action may include contempt proceedings and/or assessment of costs, expenses, and attorney fees, together with any additional measures deemed by the Court to be appropriate under the circumstances.

**IT IS SO ORDERED** on December 11, 2020.


SHON T. ERWIN
UNITED STATES MAGISTRATE JUDGE